UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSHUA BOCCHINO,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF WILDWOOD; WILDWOOD POLICE DEPARTMENT; CHIEF ROBERT REGALBUTO, Individually and in his official capacity as Chief of the Wildwood Police Department, DETECTIVE JAMES STEVENS, Individually and in his official capacity as Detective with the Wildwood Police Department, OFFICER SAMUEL STANGO, Individually and in his official capacity as an Officer for the Wildwood Police Department; OFFICER DAVID ADE, Individually and in his official capacity as an Officer for the Wildwood Police Department; JOHN DOES 1-10 (fictitious names), Individually and in his official capacity as a Police Officer for the Wildwood Police Department,<br>    Defendants. | Civil Case No. _____<br><br><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff residing in Monmouth County, New Jersey, complaining of the Defendants, says:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). This Court has supplemental jurisdiction over the state law causes of action under 28 U.S.C. § 1367(a).

2. Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2) because the events/omissions giving rise to these causes of action all occurred in the District of New Jersey.

## PARTIES

3. Plaintiff was at all material times a resident of Monmouth County, New Jersey.

4. Defendant, Chief Robert Regalbuto ("Regalbuto"), at all times relevant to this complaint, was the Chief of Police for the Wildwood Police Department acting under color of law. Defendant Regalbuto is being sued individually and in his official capacity.

5. Defendant, Detective James Stevens ("Stevens"), at all times relevant to this complaint, was a Detective for the Wildwood Police Department acting under color of law. Defendant Stevens is being sued individually and in his official capacity.

6. Officer Samuel Stango ("Stango") and Officer David Ade ("Ade"), at all times relevant to this complaint, were duly appointed Officers of the Wildwood Police Department acting under color of law. Defendants, Stango and Ade are being sued individually and in their official capacities.

7. The City of Wildwood is a municipal corporation and a public employer of the individual Defendants. The Wildwood Police Department, for which Defendants worked, was, at all times relevant to this matter, a division and/or department of the City of Wildwood entrusted with, among other things, enforcing federal, state and local laws and ordinances, and otherwise ensuring the safety of people and property within the jurisdictional limits of the City of Wildwood.

8. Defendants, John Does 1-10, are presently unknown police officers, employees, agents and/or representatives of the City of Wildwood and/or Wildwood Police Department and/or County of Cape May and/or Cape May Prosecutor's Office whose unlawful actions are described, referenced and/or set forth herein. All are being sued individually and in their official capacities.

## CAUSE OF ACTION

9. On September 24, 2022, Plaintiff was attending a car rally in Wildwood, New Jersey when Stango and Ade, who were on patrol at the time, viciously

assaulted and tackled Plaintiff on to the ground causing severe injuries to his face which included 2 broken teeth and a broken nose.



10. To justify their savage assault, Stango and Ade issued perjure laden police reports and criminal complaints which falsely claimed that Plaintiff committed Aggravated Assault by throwing a rick at the officers and two counts of Resisting Arrest for fleeing to avoid arrest.

11. In order to embarrass Plaintiff members of law enforcement, knowing the allegations were patently false, surrounded Plaintiff's home and handcuffed him in front of all his neighbors.

12. Fortunately, the entire incident was captured on Stango and Ade's Body Worn Cameras ("BWC").

13. The officers BWC definitively shows Plaintiff never threw any rocks at the officers and did not resist arrest.

14. The officers' BWC confirms that Plaintiff was holding a cellphone at the time the officers allege that rocks were thrown and also confirms that Plaintiff's arm never moved in a throwing manner.

15. Plaintiff's own cellphone video corroborates that he never threw anything at the officers.

16. Likewise, the officers BWC camera demonstrates that Plaintiff never resisted arrest.

17. Stango's BWC shows that he never gave Plaintiff any verbal commands but instead exited his patrol vehicle at full speed and tackled Plaintiff with such force that Plaintiff landed face first on the pavement shattering his to front teeth and breaking his nose.

18. On January 12, 2023, Plaintiff, by and threw his criminal defense counsel, notified Cape May County Prosecutor's Office, Assistant Prosecutor, Saverio Carroccia ("Carrocia") that there is definitive proof that Plaintiff did not engage in the conduct that was alleged.

19. Carrocia rebuffed Plaintiff's counsel's electronic communication and provided nary a response.

20. On June 6, 2023, Cape May County Prosecutor's Office, Assistant Prosecutor Zachary Gorecke ("Gorecke") presented the matter to a duly empaneled Grand Jury.

21. During the Grand Jury presentation Gorecke called Stevens as his lone witness.

22. To maintain the bogus charges Stevens falsely testified before the Grand Jury that (1) Plaintiff threw rocks at the Stango and Ade; and (2) Stango and Ade gave Plaintiff orders to stop.

23. Stevens' testimony was patently false and at total odds with Stango and Ade's BWC.

24. Based on Steven's false testimony an Indictment was returned against Plaintiff which was dismissed in its entirety on January 31, 2024, on motion of the State as a result of the exculpatory evidence.

25. Plaintiff's hardship over this matter was not limited to the officers' conduct.

26. Regalbuto, along with the Cape May County Prosecutor's Office, issued a press release identifying Plaintiff as an individual that assaulted members of the Wildwood Police Department.

27. According to the press release, Cape May County Prosecutor Jeffrey Sutherland is quoted as saying that law enforcement was reviewing all video footage in conducting the investigation.

28. Given that the video footage unequivocally shows that Plaintiff did not assault any officers the press release was knowingly and patently false.

## FIRST COUNT
### Excessive Force
### 42 U.S.C. § 1983;
### New Jersey Civil Rights Act <u>N.J.S.A.</u> § 10:6-2, et. seq.; &
### New Jersey Constitution
### (As to Defendants Ade and Stango)

29. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

30. Defendants Stango and/or Ade intentionally and/or recklessly used unreasonable and/or excessive force on Plaintiff, thereby depriving Plaintiff of his right to be free from the use of unreasonable force in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983, the Constitution of the State of New Jersey and the Law of the State of New Jersey including, but not limited to, the New Jersey Civil Rights Act and the New Jersey Law Against Discrimination.

31. Under the totality of the circumstances the Defendants Stango and/or Ade's actions were not objectively reasonable, given that Defendants seized Plaintiff by attacking him causing disfigurement.

32. The conduct of the Defendants occurred while they were acting under color of law and in their official capacities.

33. All of the actions and/or omissions described above were undertaken in a willful and malicious manner with an immoral purpose to injure and/or

cause harm to the Plaintiff. Defendants are, therefore, liable to Plaintiff for punitive and compensatory damages.

34. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff was humiliated, disgraced, suffered damage to their reputation, physical and mental anguish and injury and monetary loss and damage all to his great detriment.

## SECOND COUNT

**Failure to Intervene**
**42 U.S.C. § 1983;**
**New Jersey Civil Rights Act N.J.S.A. § 10:6-2, et. seq.; &**
**New Jersey Constitution**
**(As to Defendants Ade and Stango)**

35. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

36. Defendant Stango and/or Ade engaged in the use of excessive force and assault of the Plaintiff.

37. While each Defendant officer was engaged in the use of excessive force, the other failed to intervene to prevent the use of excessive force.

38. Each of the Defendants had an opportunity to intervene as the use of excessive force was being deployed in front of them and within their immediate area.

39. Rather than intervene to stop the use of excessive force as the law mandates they do, the Defendant officers did nothing and then attempted to conceal the use of excessive force by falsifying criminal complaints and issuing a perjure-laden police report.

## THIRD COUNT

**Municipal Liability**
**42 U.S.C. § 1983 and the**
**New Jersey Civil Rights Act N.J.S.A. § 10:6-2** *et seq.*

40. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

41. At all relevant times, Defendants, City of Wildwood and/or the Wildwood Police Department, was the employer of the individual defendants and the individual defendants were acting as its agents, servants and employees.

42. City of Wildwood, Wildwood Police Department failed to use reasonable care in the selection of its employees, against and/or servants, failed to properly train and/or supervise the individual defendants, and failed to provide the appropriate safeguards to prevent the excessive force, assault, conspiracy, and collective violation of the Plaintiffs' rights.

43. City of Wildwood, Wildwood Police Department acted under color of law pursuant to an official policy or custom and practice of the City of Wildwood, Wildwood Police Department and intentionally, knowingly, recklessly or

with deliberate indifference failed to properly and adequately control and discipline on a continuing basis its employees, agents and/or servants and/or otherwise failed to prevent the individual defendants from unlawfully and maliciously conducting, permitting or allowing the use of excessive force upon Plaintiffs in violation of the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and/or New Jersey.

44. City of Wildwood, Wildwood Police Department had knowledge of, or had it diligently and reasonably exercised its duties to instruct, supervise, control and discipline its employees, agents and/or servants, would have had knowledge of the wrongful acts and/or omissions identified above and intentionally, knowingly or with deliberate indifference to Plaintiffs' rights, failed or refused to prevent their commission and/or omission.

45. City of Wildwood, Wildwood Police Department, therefore, directly or indirectly, and under color of law, thereby approved or ratified the unlawful, malicious and wanton conduct of the individual defendants.

46. More specifically, Defendant City of Wildwood failed to train their officers in the use of force and/or issuing truthful investigative reports and corresponding charges.

47. The City of Wildwood knew or should have known that its officers would have to make decisions daily regarding the legality of use of force and probable cause.

48. Indeed, the lack of training of the officers led to the these officers violating Plaintiff's constitutional rights regarding the use of excessive force and the right to free from unlawful arrest and prosecution.

49. Additionally, the Policy maker for Wildwood knows the glaring need for training in the use of force given the numerous allegations of excessive force.

50. By way of example, in 2020, Wildwood settled a matter for more than $300,000 with a woman who was violently and unnecessarily assaulted during an arrest.

51. By way of further example, in 2021, Wildwood paid $80,000 to settle a case in which Scott Chambers alleged that the police falsely arrested him.

52. In 2015, Wildwood settled another excessive case with Kenneth Carey.

53. From 2012 through 2016, Wildwood was above the State average for officers using hands or fists, leg strikes and take downs against civilians.

54. More specifically, Wildwood's use of hands and fists was nearly 10% higher than the State average during this time period.

55. Nonetheless, the Policy maker for Wildwood refuses to retain or properly train its officer, create a legitimate IA department, or properly investigate and discipline instances of police misconduct.

56. The lack of training and/or the inadequate training in these areas is tantamount to a custom and/or policy that encourages, and indeed as occurred here, necessitates, the violation of these fundamental rights.

57. In addition, the failure to train the Defendant Officers in these areas is tantamount to the City of Wildwood's deliberate indifference to these rights.

58. Moreover, the City of Wildwood had a custom and practice of inadequately investigating, if investigating at all, citizens' complaints regarding excessive force as well as unlawful arrest and prosecution.

59. Here, the department's own Chief of Police issued a press release knowing that the information therein was false and the charges against Plaintiff were false based on the BWC.

60. What is more, the City of Wildwood has a policy and practice of not disciplining officers if they are found to have violated a citizen's constitutionally protected rights and immunities.

61. Indeed, the City of Wildwood does conduct investigations into allegations of police misconduct, and they failed to conduct an investigation into the instant conduct.

62. These policies and procedures, in addition to the failure to train the officers in the relevant constitutional laws, reveal a deliberate indifference by the City of Wildwood regarding the rights of citizens such as the Plaintiffs.

63. This deliberate indifference to citizens' rights is a proximate cause of Plaintiffs' injuries.

64. Indeed, had the City of Wildwood properly trained its officers in excessive force, and unlawful arrest then the violation of these rights would not have occurred.

65. What is more, had the City of Wildwood employed a meaningful IA bureau, rather than employing one that shields and insulates officers from liability then perhaps the defendant officers here would not have felt they have the freedom to willfully and purposely violate the Plaintiffs' rights without any regard for consequences.

66. The complete lack of accountability, record keeping, as well as investigation into IA complaints renders the IA department nothing more than an arm of the police department that shields officers from liability.

67. The fact that the IA department does not investigate complaints of excessive force is tantamount to an approval of the tactic.

68. The failure to correct or cull the unlawful activities of these defendant officers as exposed by previous complaints caused Plaintiffs' injuries here as the

officers acted in a cavalier manner due to the fact that they knew there would be no professional consequences for their action.

69. The Defendant Officers conduct in the instant matter combined with their prior documented history of violating citizens Civil Rights by utilizing excessive force and then attempting to cover-up their own egregious conduct by swearing out false criminal complaints, condoning perjure laden police reports and failing to intervene amounts to an undeniable custom and practice.

### FOURTH COUNT

**Malicious Prosecution**
**42 U.S.C. § 1983 and the**
**New Jersey Civil Rights Act N.J.S.A. § 10:6-2** *et seq.*
**(As to all Defendants)**

70. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

71. As a result of the false charges filed against Plaintiff, he was compelled to retain the services of an attorney(s) to represent and defend him.

72. There was no reasonable basis or probable cause for the charges filed and/or prosecution of Plaintiff by Defendants and Defendants knew or should have known this to be the case.

73. The criminal action against Plaintiff was initiated by the Defendants, was actuated by malice, was wholly lacking in probable cause, and the proceeding

14

terminated favorably to the plaintiff given that the matter was administratively dismissed in its entirety on motion of the State.

74. The unlawful actions taken by the Defendants in initiating a prosecution against the Plaintiff without warrant, justification, and lacking in cause, probable or otherwise, deprived Plaintiff of due process, liberty, and property in contravention of the Fourteenth Amendment of the U.S. Constitution.

75. As a direct and proximate result of Defendants' acts and/or omissions and their willful, intentional, false, malicious, or grossly negligent actions, Brandon Walsh suffered severe damage to his reputation and standing in the community, has suffered severe physical and emotional injury and harm and was forced to undergo the strain, tumult and cost of defending himself against false charges.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendants, jointly and severally, for:

(a) any and all damages sustained by the Plaintiff arising from the foregoing wrongful and unlawful acts of the Defendants;

(b) punitive damages;

(c) interest, both pre-judgment and post-judgment;

(d) attorney's fees;

(e) costs;

(f) injunctive relief, including but not limited to:

    (i) An order from this Court enjoining the Wildwood Police Department from continuing its pattern and practice of violating citizens' civil rights;

    (ii) placement of the Wildwood Police Department in receivership for the purpose of instituting programs to train, instruct, discipline, control, and supervise the officers of the Wildwood Police Department;

(g) and all such other relief as this court may deem appropriate, equitable, and just.

## JURY DEMAND

Plaintiff demands a trial by jury in this action for all issues triable by a jury.

## DESIGNATION OF TRIAL COUNSEL

Joel Silberman, Esq. and Aymen A. Aboushi are hereby designated as trial counsel.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I certify that the matter in controversy is not the subject of any other action pending or contemplated. I further certify that I am aware of no other parties who should be joined in this matter.

DATED:

Respectfully submitted,

| | |
|---|---|
| The Law Offices Of Joel Silberman | The Aboushi Law Firm PLLC |
| BY: *s/ Joel Silberman* | By: *s/ Aymen Aboushi* |
| Joel Silberman, Esq. | Aymen A. Aboushi, Esq. |
| 26 Journal Square, #300 | 235 Lakeview Avenue |
| Jersey City, NJ 07306 | Clifton, NJ 07011 |
| Tel. (201) 420-1913 | Tel. (212) 391-8500 |
| Fax (201) 420-1914 | Fax (212) 391-8508 |
| Email: joel@joelsilbermanlaw.com | Email: Aymen@aboushi.com |